## WING v. ANTHONY.

Reissued letters-patent No. 1049, bearing date Sept. 25, 1860, granted to Albert S. Southworth for certain improvements in taking photographic impressions, and subsequently extended for seven years from April 10, 1869, are void, the claim therein made being for a different invention from that described in the original letters.

APPEAL from the Circuit Court of the United States for the Southern District of New York.

This was a bill in equity brought by Wing and others, to restrain Anthony and the other defendants from infringing reissued letters-patent No. 1049, granted Sept. 25, 1860, to Albert S. Southworth, for certain improvements in taking photographic impressions, and subsequently extended for seven years from April 10, 1869. The original letters-patent are dated April 10, 1855.

The answer denies as well the novelty and the utility of the invention, as the alleged infringement, and sets up that the invention described in the reissue is not the same as that for which the original letters were granted.

The Circuit Court upon final hearing dismissed the bill, and the complainants appealed to this court.

It appears from the evidence, and is a matter of general knowledge, that a camera is the principal instrument used in taking photographic pictures. It is a rectangular, oblong box, in one end of which is inserted a tube containing a double convex lens, while at the other end is a plate-holder, immediately in front of which is a sliding shield. A plate of glass receives in a dark room a chemical preparation which renders it sensitive to the action of light. It is then put into the plate-holder at the end of the camera opposite the lens, the shield in front of it withdrawn, and the rays of light passing through the lens from an object suitably placed in front of it fall upon the plate and produce there an image of the object. This is then perfected by certain other chemical processes, and is called a negative, and from it many copies may be printed. Thus photographic pictures are produced.

The camera should be so arranged with relation to the

object to be pictured that a right line drawn from the centre of the object will pass directly through the axis of the lens and fall upon the plate at right angles. In this manner the best pictures are obtained. If this method is not followed, the picture will be distorted and otherwise imperfect.

It is conceded that prior to the date of Southworth's invention this object was accomplished by tilting the camera itself into different positions with respect to the object to be pictured, and in this manner bringing the centre of the field of the lens upon different parts of the plate.

Complainants contend that prior to Southworth's invention only one correct picture could be taken on the same plate, except in the manner just stated. The object of the invention covered by his original letters was to provide efficient means by which several correct pictures could be taken on different parts of the same plate.

In the specification of his original letters he declares his invention to be "a new and useful plate-holder for cameras for taking photographic impressions," and adds: "The object of my invention is to bring in rapid succession different portions of the same plate, or different plates of whatsoever material prepared for photographic purposes, into the centre of the field of the lens, for the purpose of either timing them differently, that the most perfect may be selected, or of taking different views of the same object with the least delay possible, or of taking stereoscopic pictures upon the same or different plates with one camera." He then states: "My invention consists of a peculiarly arranged frame in which the plate-holder is permitted to slide, by which means I am enabled to take four daguerreotypes on one plate and at one sitting; different portions of the plate being brought successively opposite an opening in the frame, the opening remaining stationary in the axis of the camera while the plate-holder and plate are moved."

The specification describes minutely the frame-holder by which the object of the invention is accomplished.

The claim is as follows: —

"What I claim as my invention and desire to secure by letters-patent is the within-described plate-holder in combination with the frame in which it moves, constructed and operated in

the manner and for the purpose substantially as herein set forth."

The specification of the reissued letters contains the following passages which do not appear in the original specification : " I have invented certain improvements in taking photographic impressions." . . . " In taking daguerreotypes, photographs, &c., it has been customary to use a separate plate for each impression, the plate being removed from the camera and replaced by another when several impressions of the same object were to be taken, as in multiplying copies, or for the purpose of selecting the best-timed pictures. This caused considerable delay and trouble, to obviate which is the object of my present invention, which consists in bringing successively different portions of the same plate, or several smaller plates secured in one plate-holder, into the field of the lens of the camera.

" In carrying out my invention I have made use of a peculiarly arranged frame, in which the plate-holder is permitted to slide, and in which the position of the plate-holder is definitely indicated to the operator, so that he can quickly and accurately adjust the plate or plates, the accompanying drawings and description so explaining the same that others skilled in the art may understand and use my invention."

Then follows a description of the plate-holder, which is identical with the description contained in the original specification, and is illustrated by the same drawings.

The specification further declares : " In this case, however," that is, when it is desired to take more than four impressions on the same plate, " I use suitable grooves, stops, or indices, by which the operator adjusts the positions of the plate substantially on the same principle that he uses the corners of the opening K in the above-described apparatus. It is evident that my improvement may be embodied by causing the lens of the camera to be made adjustable in different positions with respect to the plate, while the plate remains stationary, so that different portions of the plate may be brought into the field of the lens. This I have tried, but do not consider it, practically, to be so good a plan as the foregoing, as it necessitates a change of position of the camera itself, or of the objects."

The claim of the reissue is then stated as follows:—

"What I claim as my invention, and desire to secure by letters-patent, is bringing the different portions of a single plate, or several smaller plates, successively into the field of the lens of the camera, substantially in the manner and for the purpose specified."

*Mr. Albert A. Abbott* for the appellants.

*Mr. Edmund Wetmore* for the appellees.

MR. JUSTICE WOODS, after stating the case, delivered the opinion of the court.

It is manifest that the reissued patent was taken out for the purpose of embracing under its monopoly what was not included by the original patent. The original patent was not, in the language of the statute, " inoperative or invalid by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new."

The original claim was for a mechanism; namely, " a plate-holder in combination with the frame in which it moves, constructed and operating in the manner and for the purpose " set forth in the specification. The claim of the reissued patent is plainly for a process; namely, " the bringing of the different portions of a single plate, or several smaller plates, successively into the field of the lens of the camera, substantially in the manner and for the purpose specified."

This claim would cover any mechanism by which the different parts of the plate could be brought into the field of the lens. In fact, the specification of the reissued patent suggests a different contrivance; namely, the causing of the lens of the camera to be made adjustable in different positions with respect to the plate, while the plate remains stationary, so that different portions of the plate may be brought into the field of the lens.

It is quite clear that the original patent covers a mechanism to accomplish a specific result, and that the reissued patent covers the process by which that result is attained, without regard to the mechanism used to accomplish it. The reissue is, therefore, much broader than the original patent, and covers

every mechanism which can be contrived to carry on the process.

In the case of *Powder Company* v. *Powder Works*, 98 U. S. 126, it was held by this court that when original letters-patent were taken out for a process, the reissued patent would not cover a composition unless it were the result of the process, and the invention of one involved the invention of the other.

The converse of this proposition was decided by this court in *James* v. *Campbell*, 104 id. 356. In that case the court said that a patent for a process and a patent for an implement or a machine are very different things, and decided, in substance, that letters-patent for a machine or implement cannot be reissued for the purpose of claiming the process of operating that class of machines, because, if the claim for the process is anything more than for the use of the particular machine patented, it is for a different invention.

To the same effect precisely is the case of *Heald* v. *Rice*, id. 737. The present case falls within the rule laid down in the authorities cited.

Southworth's invention as described in his original patent must be limited to what is there set forth, namely, a mechanism for bringing successively different portions of the plate within the field of the lens. He did not discover the law that to get the best effect in taking pictures the plate, or part of the plate, on which the picture is to be taken, should be brought into the field of the lens, nor did he invent the method of doing this by tilting the camera itself into different positions with respect to the object to be pictured.

This law was known, and the practice mentioned was followed, long before Southworth's invention. His device was simply a new and specific means to take advantage of a well-known law of nature. In his reissue, by claiming as his invention the process of bringing different parts of the plate successively into the field of the lens, he seeks to put himself in as good a position as if he had been the first to discover the law referred to, and the first to invent the method of taking advantage of the law by tilting his camera into different positions. In claiming the process he excludes all other mech-

anisms contrived to accomplish the same object.   This he could not rightfully do.

We are of opinion that the claim of the reissued patent is for a different invention from that described in the original patent, and that the reissue is therefore void.   *Gill* v. *Wells*, 22 Wall. 1; *The Wood-Paper Patent*, 23 id. 566; *Powder Company* v. *Powder Works*, 98 U. S. 126; *Ball* v. *Langles*, 102 id. 128; *Miller* v. *Brass Company*, 104 id. 350; *James* v. *Campbell*, id. 356; *Heald* v. *Rice*, id. 737; *Johnson* v. *Railroad Company*, 105 id. 539; *Bantz* v. *Frantz*, id. 160.

*Decree affirmed.*