## DRYFOOS *v.* WIESE.[1]

*(Circuit Court, S. D. New York.* January 24, 1884.)

**1. PATENTS FOR INVENTIONS—INFRINGEMENT—CLAIMS IN REISSUES NOT FOUND IN THE ORIGINAL.**

A claim of a second reissue of letters patent *held* invalid as going beyond the invention shown in the original. But where a new claim contained in a first reissue was brought forward into the second, it being valid in the first reissue, *held*, not avoided by the invalid claim of the second reissue.

**2. SAME.**

Complaint for infringement of reissued letters patent No. 9,097, granted February 24, 1880, to August Beck, assignor to the orator, for an improvement in quilting-machines, dismissed.

In Equity.

*Edmond Wetmore,* for plaintiff.

*Gilbert M. Plympton,* for defendant.

WHEELER, J. This suit is brought upon reissued letters patent No. 9,097, granted February 24, 1880, to August Beck, assignor, to the orator, for an improvement in quilting-machines. The original was No. 190,184, dated May 1, 1877. It was reissued in No. 8,063, dated January 29, 1878, and surrendered for the reissue in suit. The improvement was, and is stated in the original and reissues to be, for improvements on the quilting-machine shown in letters patent No. 159,884, dated February 16, 1875, granted to the same inventor. That machine was for quilting by gangs of needles in zigzag parallel lines, and was fed by cylindrical rolls having an intermittent rotary motion, which would move the cloth while the needles were out of it, and could be arranged to feed in straight lines, direct or oblique. The original of the patent in suit showed different mechanism for actuating the feed-rolls, so that the length of stitch could be varied at pleasure, and conical rolls having an intermittent motion to feed the conical bodies of skirts and skirt borders in a circular direction, when the needles were out of the cloth, as well as cylindrical rolls for straight goods, and other improvements upon other parts of the machine; and had claims for the feed mechanism, and improvements upon the other parts of the machine, but none of the conical feed-rolls. The first reissue further described the conical feed-rolls as made of such taper as to conform to the shape of the skirt or border to be quilted, and claimed the combination of the series of needles with the conical feed-rolls acting intermittently, in place of one of the other claims. The reissue in suit still further describes the conical feed-rolls as the embodiment of a feed device which extends substantially throughout the width of the conical strip of goods, and as it departs from the shorter curved edge and approaches the longer curved edge is adapted to have a proportionately increased range of feed-movement, so that it will feed the conical strip of goods in the requisite curved path evenly and without any injurious strain or drag, and further claims

[1] Affirmed See 8 Sup. Ct. Rep. 354.

the combination with the gang of sewing mechanism, and the cloth plate which supports the goods under them, of a feed device operating intermittingly in the intervals between the formation of the stitches, which extends and operates substantially across the conical strip of goods, and which, as it departs from the shorter curved edge and approaches the longer curved edge of the goods, is adapted to have a proportionately increased range of feed-movement. The defendant is engaged in using a quilting-machine for quilting conical goods having a gang of needles, and short cylindrical feed-rollers at each edge of the goods which they feed in a circular direction by moving at different rates of speed constantly, the needles having a forward movement corresponding to that of the cloth while in it; and also one with a four-motion feed, which is capable of feeding in a circular direction by lengthening the feed at the longest edge of the goods; but is not shown to have been so used or intended to be so used. The validity of the reissue, and infringement of it, if valid, are denied.

Beck well appears to have meritoriously invented effective means for giving circular direction to the feed of quilting-machines, having gangs of needles for quilting several parallel seams. He set forth these means in the specifications and drawings of his original patent, and seems to have been well entitled to then have a patent for them, and for the combination of the mechanism with the gang of needles. But he does not appear to have been entitled to a patent for merely giving such direction to such feed-motion apart from the mechanism, nor to the process of operation of his mechanism for giving such direction. *McKay* v. *Jackman*, 20 Blatchf. 466; 12 Fed. Rep. 615. Neither could he claim the combination of mechanism not then known, or its processes with the needles. He invented his own mechanism, and the combination of that with the co-operating parts of the machine, and nothing more; and seems to have been entitled to a patent for those and no more. The first reissue was within a few months of the original, and before others appear to have done anything in that region of invention, and seems to have been well enough. *Meyer* v. *Goodyear Manuf'g Co.* 11 Fed. Rep. 891; *Hartshorn* v. *Eagle Shade-Roller Co.* 18 Fed. Rep. 90. The second reissue was more than two years after the original, but, whether too long after or not, was, in effect, for the combination of the gang of needles and cloth plate with any feeding mechanism which would reach across the cloth and feed the long side faster than the other. This was clearly beyond the invention shown in the original, and, except as to the mechanism shown in the original, beyond the invention in every way. This claim of the reissue is therefore wholly invalid. *Wing* v. *Anthony*, 106 U. S. 142; [S. C. 1 Sup. Ct. Rep. 93;] *James* v. *Campbell*, 104 U. S. 356. The new claim of the first reissue brought forward into the second, being valid in the first, is not avoided by the invalid claim of the second. *Schillinger* v. *Greenway Co.* 24 O. G. 495; [S. C. 17 Fed. Rep. 244;]

*Gage* v. *Herring,* 107 U. S. 640; [S. C. 2 Sup. Ct. Rep. 820.] The orator appears therefore to be entitled to a monopoly of the conical rollers in that combination. It is argued that the defendant's machines invade that monopoly. Those machines have not conical rollers, nor are they claimed to have any of his other mechanism. It is said that there is no invention in dividing the conical rollers into parts, and that the parts are the equivalent of the whole. This is not what the defendant does. The orator's machine gives the circular direction by mechanism that accomplishes that result in one way, the defendants by different mechanism that accomplishes it in a different way. That claim, therefore, is not infringed.

Let there be a decree dismissing the bill of complaint, with costs.